The Supreme Court affirmed the ruling of the Court below on June 18, 1887 in the following opinion,

Per Curiam.

We do not discover that the Court below committed any error in this ease. Under the Act of April 7, 1807, the lien given to livery-stable keepers and innkeepers within this Commonwealth, upon horses, is for the expense of their keeping. In Young vs. Kimball 11 Harris 193, it was held in a case of contract for carrying the mail, when the horses were used daily, and sometimes interchanged, that one pair of horses were liable under the act for the keeping of ail used in the same business by the same per *48 son. In the Court below the judge held that they were liable tor the board of the driver, but in this Court it was said that the error assigned to the board of the driver, was immaterial, because the lien upon the horses for their keeping, and that of the other horses employed in the same business, was sufficient to support the action of replevin by the landlord. It has not been decided so far as we know,- that a lien exists also for the board of the drivers in such a case. Certainly the language of the act does not extend to anything beyond the keeping of the horses employed in the business of the owner. Indeed, the opinion in Young vs. Kimball puts the case upon the rights of a livery-stable keeper,the nature of whose business admits of the coming and going of horses without a loss of lien. The reason, tot>, is strong, for carrying the mail, and the case before us is so, demands the constant use of the horses, where the return may not be for several days at a time. But this is not the nature of an innkeeper’s business, which is the entertainment of travellers and mere sojourners. Now the Act of May 7, 1855, P. Laws 480, P. Dig. 890 Pl. 17, which confers a lien on the proprietors of hotels, and inns and boarding houses, extends only to the “goods and baggage” belonging to any sojourner, boarder, or boarders. But a case like this, where a contract is made by the mail contractor, and where the landlord may make his own terms, certainly is nut one to require us to extend the rights of a livery-stable keeper, or of an innkeeper, who stands in that relation, to the horses used for carrying the mail, beyond the terms of the Act of 1807.
Judgment affirmed